IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL FASSETT and LESLIE FASSETT, husband and wife, individually and as parents and natural guardians of J.F., a minor, | : : : : : | |
| Plaintiffs, | : : | Case No. 4:15-cv-00941 |
| v. | : : | |
| SEARS HOLDINGS CORP, SEARS, ROEBUCK AND CO., SEARS HOMETOWN AND OUTLET STORES, INC., SEARS AUTHORIZE HOMETOWN STORES, LLC, KENMORE CRAFTSMAN, DIEHARD INTELLECTUAL PROPERTY, LLC a/k/a and or d/b/a KCD, IP, LLC, BRIGGS & STRATTON CORP. BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, SIMPLICITY MANUFACTURING, INC., AND KOHLER CO. | : : : : : : : : : : : : : : | Judge Brann |
| Defendants. | : : | |

## **MEMORANDUM**
August 28, 2015

Defendants Sears Holdings Corp., Sears, Roebuck & Co., Kenmore Craftsman, and Diehard Intellectual Property, LLC a/k/a and or d/b/a KCD, IP, LLC (collectively "Sears") and Kohler Company ("Kohler") have filed Motions to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 14, 22). This Court retains diversity jurisdiction

1

pursuant to 28 U.S.C. § 1332; consequently, Pennsylvania substantive law applies. E.g., Erie R.R. Co. v. Tompkins, 304 U.S. 64, 91-92 (1938). For the reasons discussed below, both Motions to Dismiss will be granted in part and denied in part.

## I. BACKGROUND[1]

On March 2, 2007, Daniel Fassett purchased a Sears Craftsman ZT 7000 zero turn rear engine riding lawnmower, model number 107.27772, (the "Lawnmower") from a Sears store in Towanda, Pennsylvania. (ECF No. 1, ¶ 18). The Lawnmower was manufactured to the specifications of and for Sears by Simplicity Manufacturing, Inc.,[2] and utilized an engine that was designed and manufactured by Kohler. Id. at ¶ 19. The Lawnmower was then placed into the stream of commerce. Id. at ¶ 21.

On May 16, 2013, while mowing his lawn, Daniel Fassett felt the Lawnmower "sputtering as though there was water in the gas tank." Id. at ¶ 22. Mr. Fassett drove the Lawnmower into his garage, turned it off, and lifted the seat to view the Lawnmower's mechanics. Id. At that point in time, he observed that the Lawnmower's gasoline tank had expanded in size. Id. As Mr. Fassett began turning the gas cap, a spray of gasoline erupted, blowing off the gas cap and

---

[1] As discussed *infra*, the allegations presented in Plaintiffs' complaint are taken as true, and all inferences are construed in the light most favorable to the Plaintiffs.
[2] Simplicity is a subsidiary or division of defendant Briggs & Stratton Power Products Group, LLC, and defendant Briggs & Stratton Corporation.

2

dousing Mr. Fassett and the Lawnmower in gasoline; this set both Mr. Fassett and the Lawnmower on fire. Id.

Mr. Fassett ran from the garage and began rolling on the grass to extinguish the flames that were engulfing him. Id. at ¶ 23. His father-in-law used a garden hose to help extinguish the flames while J.F., Mr. Fassett's son, witnessed the events unfold. Id. Eventually, emergency personnel arrived on the scene to assist. Id. at ¶ 24. Leslie Fassett, Mr. Fassett's wife, arrived home while emergency personnel working to save her husband's life. Id. at ¶ 22. Mr. Fassett was then transported to the Memorial Hospital in Towanda, Pennsylvania, where he was airlifted to the Lehigh Valley Hospital and admitted to the burn unit. Id. at ¶ 25. Mr. Fassett was hospitalized for over two months, and thereafter remained in a rehabilitation hospital for approximately one month. Id.

As a result of the accident, Mr. Fassett suffered severe burns resulting in several skin grafts and the amputation of his right leg below the knee. Id. at ¶ 26. He also suffered severe scarring on his face and body, as well as injuries to his "bones, tissues, and other parts of this body, together with emotional distress, conscious pain and suffering, mental anguish, and other physical and emotional injuries[.]" Id. Some or all of these injuries are expected to be permanent. Id.

Plaintiffs aver that the Lawnmower was "designed, manufactured, and sold by defendants in a condition that was defective, dangerous and/or hazardous to

3

users of the machine." Id. at ¶ 28. The Lawnmower was also "designed, developed, manufactured, and sold by defendants without adequate safety devices, mechanisms, design elements, and controls that would have prevented" Mr. Fassett's injuries. Id. at ¶ 29. The Lawnmower did not include "adequate warnings about the dangers of gas geysering from the tank and exploding." Id. at ¶ 32. Plaintiffs further aver that "[t]he explosion occurred during routine use of the subject mower and defendants knew or should have known that [the Lawnmower] . . . was prone to explode and catch fire during routine use[.]" Id. at ¶ 38.

On May 13, 2015, Plaintiffs filed a complaint with this Court, alleging six counts against all Defendants: (1) negligence; (2) strict liability for a design defect; (3) breach of warranty; (4) gross negligence, recklessness, malice; (5) loss of consortium; and (6) negligent infliction of emotional distress. (ECF No. 1).

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).

4

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. At the motion to dismiss stage, the court considers whether the plaintiff is entitled to offer evidence to support its allegations. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, the plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

Rule 8 of the Federal Rules of Civil Procedure "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests[.]'" Twombly, 550 U.S. at 554 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must make a factual showing of entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. See Twombly, 550 U.S. at 561. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown" – "that the pleader is entitled to relief." Iqbal, 556 U.S. at

679 (quoting Fed. R. Civ. P. 8(a)).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### III.  DISCUSSION

Sears moves to dismiss three counts.  First, Sears argues that count three, alleging breach of express and implied warranties, is barred by the statute of limitations.  (ECF No. 22).  Second, Sears argues that Plaintiffs have failed to aver sufficient facts in support of their claim for punitive damages.  Id.  Lastly, Sears claims that allegations of negligent infliction of emotional distress by Ms. Fassett must be dismissed.  Id.  Kohler moves to dismiss all counts against it on the grounds that Plaintiffs have failed to allege specific facts against Kohler and have failed to allege that the specific part manufactured by Kohler was defective.  (ECF No. 15, pp. 7-8).  Additionally, Kohler argues that any claims for punitive damages should be dismissed for failure to aver sufficient facts.  Id. at pp. 8-12.  These arguments will be addressed in turn.

    **A.**    **Punitive Damages**

Sears and Kohler argue that the Plaintiffs' claims for punitive damages must be dismissed because the facts of this case do not warrant punitive damages.  (ECF Nos. 15, 22).  Specifically, Sears and Kohler contend that Plaintiffs have only made general legal averments, and have failed to allege sufficient facts against the

6

defendants to support a finding of malice, recklessness, or willful and wanton conduct. (ECF No. 15, p. 11; No. 22, p. 7).

While it is true that punitive damages are warranted only for "behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured," Hutchison v. Luddy, 582 Pa. 114, 120 (2005), Plaintiffs have pled sufficient facts to proceed with such a claim. In that respect, Plaintiffs allege that, despite knowledge of the dangers presented by the Lawnmower, each Defendant "in willful, wanton, outrageous and reckless disregard for human life and safety . . . continued to design, manufacture, fabricate, assemble, market, distribute, sell and/or supply" the Lawnmower to the general public. (ECF No. 1, ¶ 71).

Numerous courts have found such pleadings to be sufficient to survive a motion to dismiss. E.g., Young v. Westfall, No. 4:06-CV-2325, 2007 WL 675182, at *2 (M.D. Pa. Mar. 1, 2007) (collecting cases). This conclusion is also supported by commonsense. Defendants' knowledge, or lack thereof, of a defective condition and a substantial risk of severe harm to purchasers of a product can realistically only be revealed through discovery. At this stage in litigation, it would be nearly impossible for a plaintiff to allege more specific facts than those alleged in this Complaint. Consequently, both motions to dismiss the request for punitive damages are denied.

### B. Sears' Remaining Motion to Dismiss

#### *1. Breach of Warranty*

Sears first argues that any claims for breach of express or implied warranties are barred by the statute of limitations. In Pennsylvania, claims for breach of warranty are governed by a four-year statute of limitations period. 13 Pa.C.S. § 2725(a). "[A] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach . . . [and a] breach of warranty occurs when tender of delivery is made, except [] where a warranty explicitly extends to future performance of the goods[.]" 13 Pa.C.S. § 2725(b). "[T]he Pennsylvania Supreme Court has squarely held that the four-year statute of limitations applies to all warranty actions arising from sales of goods, including those in which the plaintiff seeks to recover for personal injuries." Pitts v. N. Telecom, Inc., 24 F.Supp.2d 437, 443 (E.D. Pa. 1998) (citing Williams v. W. Penn Power Co., 467 A.2d 811, 818 (Pa. 1983)).

Breach of warranty claims accrue on the date that the seller tenders delivery of the goods. Id. (citing Hornberger v. Gen. Motors Corp., 929 F.Supp. 884, n. 2d (E.D. Pa. 1996)). While a statute of limitations defense generally may not be used in the context of a Rule 12(b)(6) dismissal, "an exception is made where the complaint facially shows noncompliance with the limitations period and the

affirmative defense clearly appears on the face of the pleading." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994).

Plaintiffs allege breaches of express and implied warranties. The Complaint alleges that Mr. Fassett purchased the Lawnmower on March 2, 2007. (ECF No. 1, ¶ 18). Thus, on the face of the Complaint, Plaintiffs had until March 2, 2011 to bring a claim for a breach of warranty. See 13 Pa.C.S. § 2725(a). Plaintiffs brought this action on May 12, 2015, more than four years after the statute of limitations had expired. Nevertheless, Plaintiffs argue that their breach of warranty actions are saved by the tolling provision of 13 Pa.C.S. § 2725(b). (ECF No. 29, pp. 5-7).

The statutory tolling provision provides that the statute of limitations may be tolled "where a warranty *explicitly* extends to future performance of the goods[.]" 13 Pa.C.S. § 2725(b). Implied warranties, by their very definitions, are never expressly stated and therefore cannot fall within the tolling procedure's ambit. Consequently, claims relating to breaches of implied warranties are plainly time barred and must be dismissed.

However, the tolling procedure may apply to express warranty claims, and it is not clear from the face of the Complaint that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke, 490 U.S. at 327. Because statute of limitations is an affirmative defense, Plaintiffs

were under no obligation to plead facts that support the tolling mechanism. See, Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014). Because it is not clear from the face of the Complaint that the claim for breach of an express warranty is barred, Sears' motion to dismiss based on the statute of limitations is denied.

### 2. *Negligent Infliction of Emotional Distress*

Finally, Sears moves to dismiss count six, alleging negligent infliction of emotional distress as it relates to Ms. Fassett. (ECF No. 22, pp. 8-10). In that regard, Sears argues that Ms. Fassett arrived on the scene after the accident had already occurred, and therefore cannot state a claim for negligent infliction of emotional distress. Id.

In Pennsylvania, individuals may bring claims for negligent infliction of emotional distress in any one of four distinct scenarios: "(1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative." Toney v. Chester Cnty. Hosp., 961 A.2d 192, 197-98 (Pa.Super.Ct. 2008) citing Doe v. Phila. Cmty. Health Alternatives AIDS Task Force, 745 A.2d 25, 26 (Pa.Super.Ct. 2000), aff'd, 564 Pa. 264, 767 A.2d 548 (Pa. 2001)).

Where a plaintiff alleges negligent infliction of emotional distress based on the observation of a tortious injury to a close relative, a three factor test applies:

> (1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

Sinn v. Burd, 404 A.2d 672, 685 (Pa. 1979) (quoting Dillon v. Legg, 68 Cal. 2d 728, 739, 441 P.2d 912, 920 (1968)). Thus, "[t]o recover the plaintiff must have observed the defendant traumatically inflicting the harm on the plaintiff's relative, with no buffer of time or space to soften the blow." Bloom v. Dubois Reg'l Med. Ctr., 597 A.2d 671, 682 (Pa.Super.Ct. 1991).

Here, any asserted cause of action for Ms. Fassett based on negligent infliction of emotional distress fails because she did not witness the accident itself. In reaching this conclusion, the Court is guided by the Supreme Court of Pennsylvania's decision in Brooks v. Decker, 516 A.2d 1380 (Pa. 1986), which addressed a similar factual scenario. There, the plaintiff was returning home when an ambulance passed him and turned onto the street where he lived. Id. at 1381. When the plaintiff arrived on the scene, discovered that his son had suffered severe injuries after being struck by an automobile while biking. Id. The plaintiff then accompanied his son to the hospital in an ambulance. Id.

The Brooks court iterated that, because there was "no contemporaneous perception of the injury, the emotional distress results more from the particular emotional makeup of the plaintiff rather than from the nature of defendant's actions." Id. at 1382. The court reasoned that to hold otherwise would eviscerate the established "jurisprudential concept that at some point along the causal chain, the passage of time and the span of distance mandate a cut-off point for liability." Id. (quoting Mazzagatti v. Everingham, 516 A.2d 672, 676 (Pa. 1986)).

Here too, Ms. Fassett arrived at the scene of the accident after the injury had occurred. (ECF No. 1, ¶ 22). Similar to the plaintiff in Brooks, Ms. Fassett witnessed her injured relative after the accident, but prior to the relative being taken to the hospital. Id.; 516 A.2d at 1381. Given these factual similarities, the Supreme Court of Pennsylvania's unambiguous holding in Brooks dictates the results of this Motion; Ms. Fassett has failed to state a cognizable claim for negligent infliction of emotional distress, and the claim must be dismissed.[3]

### C. Kohler's Remaining Motion to Dismiss

Kohler moves to dismiss counts one through three, alleging Negligence, Strict Liability, and Breach of Implied Warranty, on the grounds that Plaintiffs have failed to satisfy the applicable pleading standards. (ECF No. 15, pp. 7-8)

---

[3] Plaintiffs cite to Pearsall v. Emhart Indus., Inc. for the proposition that the pleadings are sufficient to state a cause of actions for Ms. Fassett. 599 F.Supp. 207, 212 (E.D. Pa. 1984). However, this case predates the Brooks decision and therefore does nothing to alter this Court's conclusion.

First, Plaintiffs have sufficiently pled a cause of action for negligence. To establish a cause of action for negligence, a plaintiff must establish that: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage. Krentz v. Consol. Rail Corp., 589 Pa. 576, 588 (2006) (citing Phillips v. Cricket Lighters, 576 Pa. 644 (2003)).

In the Complaint, Plaintiffs alleged a duty on the part of the Defendants to produce a Lawnmower which was safe for its intended operation. Plaintiffs further allege that the Defendants collectively designed and manufactured a Lawnmower which, under ordinary use, was prone to exploding and catching fire. (ECF No. 1, ¶ 38). Although the Plaintiffs have not specifically alleged that it was Kohler's engine that caused the malfunction and concomitant explosion, the allegations meet the pleading requirements by placing Kohler on notice of the allegations against it and of the alleged issues for which it may be liable. Twombly, 550 U.S. at 554. Requiring anything more at this juncture is impractical given the fact and discovery-intensive nature of product liability claims. Finally, this alleged breach of duty certainly caused injury and actual loss to the Plaintiffs, completing the required elements for a negligence cause of action.

Second, the general averments contained in the Complaint are sufficient to establish a plausible claim under strict liability. To establish a cause of action for

13

strict liability, a plaintiff must prove that the defendant placed a product on the market in a "defective condition." Tincher v. Omega Flex, Inc., 104 A.3d 328, 384 (Pa. 2014). To prove that a "defective condition" exists, the plaintiff must show that either (1) the danger is "unknowable and unacceptable" to the average or ordinary consumer or (2) a "reasonable person" would conclude that the probability and seriousness of harm caused by the product outweigh the burden or costs of taking precautions. Id. at 387-89.

Plaintiffs allege that all Defendants, including Kohler, "were engaged in the design, development, testing, manufacture, distribution and sale of" the Lawnmower. (ECF No 1, ¶ 54). The Lawnmower was defective because, under ordinary use, its defect allowed a buildup of gas that rendered the Lawnmower prone to exploding. Id. at ¶ 38. These facts are sufficient to conclude that the Lawnmower's defect created an unknowable and unacceptable to the ordinary consumer, and therefore satisfy the pleading requirements for strict liability.[4]

Third, Plaintiffs have sufficiently alleged a breach of an implied warranty.[5] To do so, Plaintiffs must "show: (1) that the product malfunctioned; (2) that plaintiffs used the product as intended or reasonably expected by the manufacturer;

---

[4] Notably, "[t]he duty in strict liability pertains to the duty of a manufacturer and of suppliers in the chain of distribution to the ultimate consumer." Tincher, 104 A.3d at 383. Therefore, Plaintiffs need not allege that Kohler itself was in any way negligent in its design for Kohler to be liable under a theory of strict liability.

[5] Although Plaintiffs assert a breach of both express and implied warranties, (ECF No. 1, ¶¶ 62-68), Kohler has challenged only the breach of implied warranty. (ECF No. 15, p. 7-8). The Court therefore will restrict its analysis accordingly.

and (3) the absence of other reasonable secondary causes." <u>Altronics of Bethlehem, Inc. v. Repco, Inc.</u>, 957 F.2d 1102, 1105 (3d Cir. 1992). "Under Pennsylvania law a product may be found defective if it 'functioned improperly in the absence of abnormal use and reasonable secondary causes.'" <u>Id.</u> (quoting <u>Greco v. Bucciconi Eng'g Co.</u>, 407 F.2d 87, 89-90 (3d Cir. 1969)).

Plaintiffs alleged that the Lawnmower malfunctioned when "a spray of gasoline erupted . . . [blowing] off the gas cap, dous[ing] Mr. Fassett and the mower in gasoline," setting both Mr. Fassett and the Lawnmower on fire. (ECF No. 1, ¶ 22). Plaintiffs' Complaint alleges that the Lawnmower was only used for its intended use, and that no reasonable secondary causes explain the explosion. These pleadings satisfy the elements for a breach of an implied warranty, and therefore Kohler's motion to dismiss this count is denied.[6]

Finally, Kohler moves to dismiss counts four through six on the sole ground that these counts were "based solely on the substantive legal claims and allegations of Counts I, II and III and must be dismissed due to the legal insufficiency of those claims." (ECF No. 15, p. 8). Because counts one through three are legally sufficient, Kohler's argument to dismiss counts four and five fails. However, for the reasons previously discussed, claims of negligent infliction of emotional

---

[6] Statute of limitations is an affirmative defense, and the Court therefore may not raise it *sua sponte*. Consequently, although count three alleging a breach of an implied warranty was dismissed against Sears, it will not be dismissed against Kohler.

distress by Ms. Fassett will be dismissed.  See Goodwin v. Castille, 465 F.App'x 157, 163 (3d Cir. 2012) ("We have noted that *sua sponte* dismissal under Rule 12(b)(6) is proper after service of process . . . but that it should be exercised with caution to ensure that the decision to dismiss is an informed one")  (internal citations omitted).

## III. CONCLUSION

For the foregoing reasons, both Motions to Dismiss under Rule 12(b)(6) are granted in part and denied in part.  An appropriate Order will follow.


BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge