# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL FASSETT and LESLIE FASSETT, husband and wife, individually and as parents and natural guardians of J.F., an minor, | : : : : | No. 4:15-cv-00941 (Judge Brann) |
| Plaintiffs, | : : | |
| v. | : : | |
| SEARS HOLDINGS CORPORATION, SEARS, ROEBUCK AND CO., SEARS HOMETOWN AND OUTLET STORES, INC., SEARS AUTHORIZED HOMETOWN STORES, LLC, KENMORE CRAFTSMAN DIEHARD INTELLECTUAL PROPERTY, LLC, BRIGGS & STRATTON CORPORATION, SIMPLICITY MANUFACTURING and KOHLER CO. | : : : : : : : : : | |
| Defendants. | : : | |
| And | : : | |
| BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, | : : : | |
| Defendant/Third-Party Plaintiff, | : : | |
| v. | : : | |
| BEMIS MANUFACTURING COMPANY, a Foreign Corporation, | : : : | |
| Third-Party Defendant. | : | |

# **ORDER**

**January 27, 2017**

1

**AND NOW, THEREFORE,** in accordance with the accompanying Memorandum filed on this date, **IT IS HEREBY ORDERED** that:

1. **Bemis Discovery.** Plaintiffs' Motion to Compel Documents from Third-Party Defendant Bemis Manufacturing Company, ECF No. 94, is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Warranty information, testing data, and any other materials evidencing over-pressurization or geysering corresponding to each of the identified free venting caps designs (open, screw, covered, and duckbill) are relevant to a number of Plaintiffs' theories and are discoverable, so long as they do not constitute work product.

    b. Although material unprotected by the work product doctrine as to prior claims involving the open gas cap design is discoverable, the same is not true of prior claims or litigation involving screw, cover, or duckbill caps. As for the latter group, the differences in design and what tend to be the distinct factual circumstances render them beyond the scope of discovery.

2. **Briggs & Stratton Discovery.** Plaintiffs' Motion to Compel Documents from Briggs & Stratton Corporation and Briggs & Stratton Power Products Group, LLC, ECF No. 93, is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. The Briggs & Stratton Defendants should produce or continue to produce only those non-privileged records associated with the Simplicity Axion, the Snapper 150Z, the Craftsman ZT7000, and the Craftsman ZT75000. Defendants have also indicated that they are producing similar documents that correspond to the Coronet model, which documents they should continue to produce. Defendants need not produce those documents requested in Categories 1 and 2, except and to the extent that they pertain to the five lawnmower models identified above.

    b. Plaintiffs' Category 3 request seeks information relating to the Dortch/Reaves, Oliff, Milner, Reynolds, Steve Johnson,

       Timothy Johnson, James Thomas, O. Alexander, Ron Sheets, or Earl Vinson mowers and lawsuits, including all prior warranty claims. The Category 4 request seeks all "In Depth Investigation" (IDI) records from the Briggs & Stratton liability claims system. Consistent with my prior reasoning, those requests are denied, except and to the extent that any of the previously named actions or requests involved any of the five enumerated lawnmower models about which material has been deemed discoverable (the Simplicity Axion, the Snapper 150Z, the Craftsman ZT7000, the Craftsman ZT75000, and the Coronet).

c.    Categories 5 and 6 seek releases obtained by Thomas Wise, including drafts and any markups by Mr. Wise related to claims of venting clogging of fuel caps, fires, or near misses, as well as cover letter or cover email communications between Mr. Wise and claimants/owners from whom Mr. Wise obtained releases regarding such claims. Pursuant to Federal Rule of Evidence 408, these documents are beyond the scope of discovery.

d.    Category 7, which seeks records of the claims review/warranty trend meetings with or claims personnel, are discoverable and should be produced, subject to the earlier limitation set as to the five enumerated models, as well as any valid claim of privilege or protection.

e.    The Defendants shall engage in a reasonable, good faith search to locate the gas cap purchase order file sought in Category 8.

f.    The Defendants shall complete their production of Category 9 documents, which seek claims, warranty or other litigation files for the Coronet riding lawnmower, subject to any valid claim of privilege or protection.

g.    Category 10, which requests the production of materials for all Briggs & Stratton gasoline engine products, even those products that are not lawnmowers, is denied. Plaintiffs' discovery is appropriately limited to the five lawnmower models enumerated above.

3. **Temporal Scope of Discovery.** The discovery of information and material relating to the manufacture, design, or sale of the subject lawnmower or its parts (or the comparable models and parts identified above) is limited to no earlier than January 1, 2000.

4. **Privilege Logs.** As applicable, each Defendant shall produce a privilege log detailing with sufficient specificity any material that would be discoverable but for the claim of a valid privilege or protection.

5. **Compelled Discovery & Privilege Logs Deadline.** Any discovery or privilege log required to be produced by this Order and the accompanying Memorandum shall be made available to counsel for Plaintiffs no later than March 10, 2017.

6. **Renewed Case Management Deadlines**. The following case management deadlines apply to this action and supersede any prior case management deadlines:

    a. Discovery --------------------------------- March 31, 2017

    b. Plaintiff's Expert Report ---------------- May 1, 2017

    c. Defendant's Expert Report -------------- May 31, 2017

    d. Supplemental/Rebuttal Reports --------- June 14, 2017

    e. Dispositive Motions --------------------- August 14, 2017

    f. All remaining case management deadlines are **HELD IN ABEYANCE** pending resolution of the parties' dispositive motions, if any.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge